UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN A. McGILL,

          Plaintiff,

-vs-                                          Case No. 6:05-cv-721-Orl-18JGG

SEMINOLE CLUB, INC.,
d/b/a Mayfair Country Club,

          Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration on March 17, 2006 on the following motions:

| | |
|---|---|
| MOTION: | MOTION TO COMPEL COMPLIANCE WITH COURT ORDER DATED DECEMBER 22, 2005 AND FOR AWARD OF ATTORNEY'S FEES (Doc. No. 32) |
| FILED: | February 3, 2006 |
| THEREON it is RECOMMENDED that the motion be GRANTED in part and DENIED in part. | |

| | |
|---|---|
| MOTION: | MOTION TO COMPEL COMPLIANCE WITH COURT ORDER DATED DECEMBER 22, 2005 REGARDING PRODUCTION OF DOCUMENTS (Doc. No. 33) |
| FILED: | February 3, 2006 |
| THEREON it is RECOMMENDED that the motion be GRANTED as unopposed. | |

On July 28, 2005, Plaintiff John A. McGill served upon Defendant Seminole Club, Inc., d/b/a. Mayfair Country Club ("Seminole") Plaintiff's First Set of Interrogatories and First Request for Production of Documents. Docket No. 20 at 2. Plaintiff filed his first motion to compel discovery on September 7, 2005. *Id.* The undersigned granted the unopposed motion on September 27, 2005. Docket No. 21. On October 10, 2005, Plaintiff filed a second motion to compel, which Defendant did not oppose, requesting a court order compelling compliance with the September 27, 2005 order. Docket No. 22. The Court granted the second motion to compel on October 28, 2005, ordering Defendant to respond to the discovery requests by November 7, 2005, and warning Defendant that "[f]ailure to comply may result in the striking of Defendant's Answer and Affirmative Defenses at Doc. No. 13." Docket No. 23.

Counsel for Plaintiff and Defendant agreed to extend the Court's deadline from November 7, 2005 to November 14, 2005. Docket No. 24 at 1. On November 14, 2005, Defendant's counsel faxed to Plaintiff's counsel unverified answers to Plaintiff's interrogatories. Defendant served verified answers to the interrogatories the following day, on November 15, 2005. *See* Docket No. 26-1 at 3. On the same day, Plaintiff filed a motion to strike Defendant's answer and affirmative defenses. Docket No. 24. For the third time, Defendant filed no memorandum in opposition, and the undersigned recommended that the Honorable G. Kendall Sharp grant Plaintiff's motion to strike on December 12, 2005. Four days later, Defendant filed an objection to the undersigned's recommendation. On December 22, 2005, Judge Sharp denied Plaintiff's motion to strike Defendant's answer and affirmative defenses, but ordered Defendant to: 1.) comply with the undersigned's previous orders to compel as to Plaintiff's outstanding requests for production, and 2.) pay Plaintiff's

"reasonable expenses, including attorney's fees, caused by Defendant's failure to follow the Magistrate's prior orders and failure to produce the requested discovery in a timely fashion." Docket No. 28 at 3. Defendant's deadline to comply was January 6, 2006. *Id.* Although Defendant produced a further trickle of discovery, it otherwise disregarded Judge Sharp's December 22, 2005 order. Plaintiff now seeks to compel attorney's fees and outstanding discovery in compliance with Judge Sharp's order. Docket Nos. 32, 33. Again, Defendant did not timely file a memorandum in opposition to either motion to compel, and the motions remain unopposed.

On February 22, 2006, the undersigned ordered Defendant to show cause in person why the Defendant's answer and affirmative defenses should not be stricken, default entered, and attorney's fees and costs assessed in the amount demanded by Plaintiff's counsel. Docket No. 34. Parties were ordered to meet and confer in person or by telephone in a "good faith effort to reach an agreement on all pending matters." *Id.* On March 9, 2006, the parties filed a joint notice stating that they conferred by telephone and could not resolve *any* of the pending issues. Docket No. 35. The Court held the hearing on the order to show cause on March 17, 2006. At the hearing, counsel for Defendant stated that all documents that were in Defendant's possession and were responsive to Plaintiff's outstanding discovery requests had been produced.

Plaintiff seeks attorney's fees in the amount of $4,740 for 15.8 hours at the rate of $300 per hour. Docket No. 32-3. This undersigned analyzed Plaintiff's request for attorney's fees under the lodestar approach for calculating attorneys' fees pursuant to *Norman v. Housing Authority*, 836 F.2d

1292(11th Cir. 1988).[1] After reviewing Plaintiff's attorney's fee ledger and affidavit of attorney's fees (Docket Nos. 32-2, 32-3), the undersigned finds that the number of hours worked (15.8 hours) is reasonable, but recommends that the hourly rate be set at $200 per hour for a total of $3,160.[2] Although Defendant has not directly responded in writing to all requested items listed in Plaintiff's motion to compel discovery (Docket No. 33), counsel for Defendant at long last asserted that Defendant possessed no further documents that comply. No further issues remain.

Therefore, it is **RECOMMENDED** that:

1.) Plaintiff's motion to compel payment of attorney's fees (Docket No. 32) be **GRANTED** in part and **DENIED** in part, and that Defendant Seminole Club, Inc., d/b/a Mayfair Country Club be directed to pay $3,160 to counsel for Plaintiff within ten days of the District Court's order;

2.) Plaintiff's motion to compel discovery (Docket No. 33) be **GRANTED** as unopposed;

---

[1] The lodestar approach in *Norman* presumptively incorporates the twelve factors adopted in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). *Norman*, 836 F.2d at 1298-99. Those twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[2] Plaintiff seeks to hold Defendant liable for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay him overtime wages. Defendant's counsel objected to both the number of hours and rate charged by Plaintiff's counsel. The undersigned's recommendation is based on its analysis under the lodestar approach and its own knowledge of the rates charged by attorneys in FLSA cases in this District. Objections and arguments by Defendant's counsel played no part in the Court's decision to set counsel for Plaintiff's rate at $200 per hour rather than $300 per hour.

3.)   The order to show cause at Docket No. 34 be discharged upon filing a notice of payment with the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on March 27th, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:
The Honorable G. Kendall Sharp, Senior Judge
Counsel of Record
Unrepresented Parties