**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN A. McGILL,**
      **Plaintiff,**

**-vs-**               **Case No. 6:05-cv-721-Orl-18UAM**

**SEMINOLE CLUB, INC.,**
**d/b/a Mayfair Country Club,**
      **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT'S AMENDED MOTION TO TAX COSTS (Doc. No. 106)**
>
> **FILED:**   **April 9, 2007**
> _____

After a one-day bench trial in this case, the district court found in favor of Defendant Seminole Club d/b/a Mayfair Country Club ("Seminole") and awarded costs to Seminole. Doc. No. 96 at 12. The Clerk entered judgment in favor of Seminole and closed the case on March 15, 2007. Doc. No. 97. On April 2, 2007, Seminole filed a "Motion to Tax Costs" pursuant to Federal Rule of Civil Procedure 54, which the Court denied without prejudice for failure to comply with Local Rule 3.01(g). Doc. Nos. 101, 104.

Seminole has filed an amended motion to tax costs in which Seminole "moves the Clerk of Court to tax the Plaintiff reasonable costs in this action." Doc. No. 106. Seminole seeks $1,239.72

for costs of deposition transcripts, service of process and subpoenas, copies, and fees and mileage for trial witnesses. Doc. No. 106 at 3-4. Plaintiff opposes Seminole's motion, arguing, among other things, that Seminole's motion should have been filed by May 29, 2007, and was therefore untimely. Doc. No. 107 at 1.

Under Local Rule 4.18(a), all claims for costs shall be asserted by separate motion or petition filed not later than fourteen days following the entry of judgment. Because judgment was entered on May 15, 2007, the bill of costs or motion to tax costs was due to be filed on or before May 29, 2007. The original motion to tax costs was not filed until April 2, 2007, after the due date.

Both the original and the amended motion to tax costs are also substantively deficient because they are not supported by receipts and invoices to support its requests. *See* 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree").

The Court has the discretion to accept a bill of costs filed beyond the time limit set forth in Local Rule 4.18(a), upon a motion supported by a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b). Accordingly, it is **ORDERED** that, on or before June 8, 2007, Seminole shall file a reply, not exceeding ten pages in length, that addresses Plaintiff's argument that Seminole's original costs motion was untimely filed. The reply shall be accompanied by a memorandum of law pursuant to

Local Rule 3.01(a), outlining the facts and law that support the requested costs, and shall be supported by receipts, invoices, or other evidence showing the costs actually paid.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties