# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOHN A. McGILL,

          Plaintiff,

-vs-                                    Case No. 6:05-cv-721-Orl-18UAM

SEMINOLE CLUB, INC.,
d/b/a Mayfair Country Club,

          Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTIONS PURSUANT TO RULE 11** (Doc. No. 99) |
| **FILED:** | March 15, 2007 |

## I. PROCEDURAL HISTORY

Plaintiff John A. McGill filed his complaint in this action on May 11, 2005, seeking to hold Defendants Seminole Club d/b/a Mayfair Country Club ("Seminole Club") liable for failing to pay him the minimum wage in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Doc. No. 1. Seminole Club then filed its answer denying the allegations in the complaint. Doc. No. 13.

The parties filed their original "Joint Pretrial Statement," which was signed by counsel for McGill and counsel for Seminole Club, on November 11, 2006, but McGill's witness list and both parties' exhibit lists were inadequate and stricken by the Court at the Final Pretrial Conference. Doc. Nos. 47, 74. On February 16, 2006, the parties filed an "Amended Joint Pretrial Statement," which was also signed by counsel for McGill and counsel for Seminole Club. Doc. No. 84. In the "General Statement of the Case," the parties stated:

> The Plaintiff claims that during the first week of his employment with Defendant, he was not paid as Defendant held back one week of compensation, and that during the final two weeks of his employment with Defendant, Plaintiff worked numerous hours but was not paid at all for same. Defendant claims that Plaintiff was paid all compensation that Plaintiff was due.

*Id.* at 1-2.

On February 20, 2007, McGill filed his trial brief and proposed findings of fact in preparation for the bench trial, which was scheduled before the district judge for March 1, 2007. Doc. Nos. 88, 90, 95. In his trial brief, McGill claimed that he was employed by Seminole Club from approximately December 6, 2004 through April 2005, and that Seminole Club failed to pay him any compensation for his first and final two weeks of his employment. Doc. No. 88 at 1.

During the one-day bench trial on March 14, 2007, McGill testified that he worked for Seminole Club from Monday, December 6, 2004 to March 19, 2005; that he worked for four weeks, but was only paid for three weeks, in December 2004; and that he was not paid for the two weeks he worked after March 7, 2005. Doc. No. 96 at 2, 5, 8. In support of his allegation that he worked until March 19, 2005, McGill presented his bank statements which list two withdrawals from an ATM at Seminole Club on March 13, 2005. *Id.* McGill testified that he would not have returned to Seminole Club to use the ATM unless he was working on that date. *Id.*

-2-

Seminole Club employees testified otherwise. Seminole Club employees testified that Seminole Club's pay periods begin on Tuesdays and that McGill started work on Tuesday, December 7, 2004. *Id.* at 8. Seminole Club submitted as evidence McGill's time cards. *Id.* at 3. During December 2004, McGill was not required to use a time card and time clock to "punch in and out" at the start and end of their shifts and during breaks, but he began using time cards after that month. *Id.* at 2-3. McGill testified that his Seminole Club supervisor allowed him to handwrite his times because the time clock was broken. *Id.* at 3. McGill's time cards contained numerous handwritten entries, but the time cards of other Seminole Club employees "barely" contained any handwritten notes. *Id.*

According to McGill's supervisors, McGill was often absent from work and was, in fact, terminated on March 6, 2005 due to his absenteeism. *Id.* at 5. Seminole Club's payroll records list McGill's termination date as March 7, 2005. *Id.*

After the bench trial, the district court found that Seminole Club did not violate the FLSA; that McGill was paid at least the minimum wage for each of the weeks he worked for Seminole Club; and directed the Clerk of the Court to enter judgment in favor of Defendant. *Id.* at 12. The district court found "no reason to dispute the payroll records" and noted that "Plaintiff's testimony at trial, that he worked from March 8 to March 19, 2005, was the first time Plaintiff testified as to exact dates of employment." *Id.* at 9. The district court rejected McGill's testimony regarding the ATM withdrawals, and stated "[s]ince there is no corroborating evidence that Plaintiff worked at any time beyond the dates and times shown on the time cards, the Court finds that Plaintiff did not work after March 7, 2005." *Id.* The district court awarded costs to Seminole Club, but ordered each party to bear its own attorneys' fees. *Id.* at 12.

After entry of judgment, on March 15, 2007, Seminole Club filed its "Motion for Sanctions Pursuant to Rule 11, Federal Rules of Civil Procedure," in which it seeks unspecified sanctions against McGill because his complaint, "Amended Joint Pretrial Statement," and trial brief lacked "evidentiary support for the allegation that wages have not been properly paid." Doc. No. 99 at 1. In the motion, counsel for Seminole Club certified that, prior to filing the motion, he served a copy of the motion on counsel for McGill on February 26, 2007 in accordance with Federal Rule of Civil Procedure 11(c)(1)(A). *Id.* at 6. McGill opposes the motion and argues that he had sufficient evidentiary support for his claims. Doc. No. 102.

## II.   ANALYSIS

Seminole Club argues that McGill lacked evidentiary support for his case because McGill did not have and did not present documentary evidence regarding the start and end dates of his employment with Seminole Club; because McGill did not state his exact start and end dates until his testimony at trial and, in fact, gave inconsistent dates of employment in his various filings; and because McGill (whose 2005 income tax return indicates that he did not receive any wages from Seminole Club) claimed that he did not receive a W-2 from Seminole for 2005 when, in fact, he did. Seminole Club also notes that McGill stated approximate start and end dates in his deposition and admitted that he did not know the exact dates of his employment and that he needed to research the exact dates further. According to Seminole Club, this admission indicates McGill did not properly research the case and that he lacked evidentiary support for his claims.

According to Federal Rule of Civil Procedure 11, "[b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, any attorney . . . is certifying that to the best of the persons's knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances" that "the allegations and other factual contentions have evidentiary support . . ." Fed. R. Civ. P. 11 (b)(3). The United States Court of Appeals for the Eleventh Circuit has explained that Rule 11 sanctions are warranted: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996); *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995); *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993).

In deciding the propriety of Rule 11 sanctions, the Court must first determine whether the party's claims are objectively frivolous, and then, if so, whether the attorney who signed the pleading would have been aware of the frivolousness if the attorney had made a reasonable inquiry. *Worldwide Primates*, 87 F.3d at 1254; *Jones*, 49 F.3d at 695. Relevant factors into the reasonableness of the inquiry include: how much time was available for investigation; whether reliance upon representations of the client was necessary; whether the paper was based upon a plausible view of the law; and the extent to which factual development requires discovery. *Jones*, 49 F.3d at 695. Because Rule 11 is violated only if the paper is "signed in violation of this rule," the Court's inquiry focuses only on the merits of the pleading from facts known or available to the attorney at the time of filing. *Jones*, 49 F.3d at 694 - 95 (*citing Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1507, 1508 (11th Cir. 1993)).

First, as discussed above, Seminole Club mainly argues that McGill did not present documents as evidence. This argument ignores the fact that McGill's testimony at trial *was* evidentiary support for his claims. At trial, McGill offered evidence – his own testimony – in an attempt to contradict

Seminole's time cards and payroll records and to support his claims that he was not paid for three weeks of work. The evidence was weak and unconvincing, but Seminole Club is wrong that he offered *no* evidentiary support for the purposes of Rule 11.

Next, the Advisory Committee Notes provide guidance on what constitutes sufficient "evidentiary support" for the purposes of Rule 11:

> The certification is that there is (or likely will be) "evidentiary support" for the allegation, not that the party will prevail with respect to its contention regarding the fact. That summary judgment is rendered against a party does not necessarily mean, for purposes of this certification, that it had no evidentiary support for its position. **On the other hand, if a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient "evidentiary support" for purposes of Rule 11.**

Fed. R. Civ. P. 11(c)(1)(A) advisory committee's note (1993 Amendments) (emphasis added). Although McGill's testimony was rejected by the district court at trial, his "evidentiary support" would likely have been sufficient to defeat a motion for summary judgment.[1] *See Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987)(stating that the Court may not weigh the credibility of the parties on summary judgment, and that if the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact).

Throughout the litigation, McGill did offer different dates of employment; the evidence supporting his claims was weak; and McGill ultimately did not prevail. These facts, however, do not show (and Seminole Club has not demonstrated) that Rule 11 sanctions are warranted.

Accordingly, for the reasons stated above, it is hereby **RECOMMENDED** that the Motion for Sanctions (Doc. No. 99) be **DENIED**.

---

[1] Seminole Club did not file a summary judgment motion in this case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June ___, 2007.

_____
Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:

The Honorable G. Kendall Sharp, Senior Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy