# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN A. McGILL,

                    Plaintiff,

-vs-                                        Case No.  6:05-cv-721-Orl-18UAM

SEMINOLE CLUB, INC.,
d/b/a Mayfair Country Club,

                    Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

---

**MOTION:**    **DEFENDANT'S AMENDED MOTION TO TAX COSTS (Doc. No. 106)**

**FILED:**      **April 9, 2007**

---

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part

---

**MOTION:**    **DEFENDANT'S MOTION FOR RELIEF UNDER RULE 60(b) (Doc. No. 111)**

**FILED:**      **June 8, 2007**

---

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** pursuant to Federal Rule of Civil Procedure 6(b) (not Rule 60(b)).

## I.   PROCEDURAL HISTORY

After a one-day bench trial in this case, the district court found in favor of Defendant Seminole Club d/b/a Mayfair Country Club ("Seminole") and awarded costs to Seminole. Doc. No. 96 at 12. The Clerk entered judgment and closed the case on March 15, 2007. Doc. No. 97. On April 2, 2007, Seminole filed a "Motion to Tax Costs" pursuant to Federal Rule of Civil Procedure 54, which the Court denied without prejudice for failure to comply with Local Rule 3.01(g). Doc. Nos. 101, 104.

On April 9, 2007, Seminole filed an amended motion to tax costs in which Seminole "moves the Clerk of Court to tax the Plaintiff reasonable costs in this action." Doc. No. 106. In the amended motion, Seminole seeks $1,239.72 for costs of deposition transcripts, service of process and subpoenas, copies, and fees and mileage for trial witnesses. Doc. No. 106 at 3-4. Plaintiff opposes the amended motion on the grounds that the motion was untimely filed and that Defendant failed to provide support and evidence for the costs claimed. Doc. No. 107.

On May 22, 2007, United States Magistrate Judge Karla Spaulding noted that under Local Rule 4.18(a), all claims for costs should be asserted by separate motion or petition filed not later than fourteen days following the entry of judgment, which, in this case, was entered on March 15, 2007. Doc. No. 109. Judge Spaulding found that Seminole's original motion for costs, filed April 2, 2007, was actually due on or before March 29, 2007. *Id.* Judge Spaulding also stated:

> Both the original and the amended motion to tax costs are also substantively deficient because they are not supported by receipts and invoices to support its requests. *See* 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree").
> The Court has the discretion to accept a bill of costs filed beyond the time limit set forth in Local Rule 4.18(a), upon a motion supported by a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b). Accordingly, it is **ORDERED** that, on or before June 8, 2007, Seminole shall file a reply, not exceeding ten pages in length, that addresses

-2-

Plaintiff's argument that Seminole's original costs motion was untimely filed. The reply shall be accompanied by a memorandum of law pursuant to Local Rule 3.01(a), outlining the facts and law that support the requested costs, and **shall be supported by receipts, invoices, or other evidence showing the costs actually paid**.

*Id.* at 2-3 (emphasis added).

Seminole timely filed its reply accompanied by invoices, receipts, and an affidavit of its counsel. Doc. No. 112. In his affidavit, counsel avers that "[t]he total costs are $972.87" but provides an itemized list of costs in the amount of $1199.72.[1] *Compare id.* at 4-6 *with id.* at 7. Seminole also filed a separate "Motion for Relief Under Rule 60(b)," asking the Court to allow the late costs motion . Doc. No. 111. Plaintiff filed a memorandum in opposition to Defendant's motion for relief on June 25, 2007. Doc. No. 114.

## II.    EXCUSABLE NEGLECT

In its Motion for Relief Under Rule 60(b), Seminole explains that around the time the costs motion was due, Stacy L. Wilde, Seminole's counsel who was responsible for filing the costs motion, was "in the process of closing out her practice in preparation for giving birth to a child." *Id.* at 1. Seminole therefore asks the Court to consider the late motion because the failure to file was due to "the mistake, inadvertence or excusable neglect of the attorneys handling this case for the Defendant." *Id.* Seminole also notes that the Court previously allowed the late filing of Plaintiff's response in opposition to Seminole's motion for sanctions, and asks the Court to grant Seminole similar consideration. *See* Doc No. 105.

---

[1] Both of these amounts also differ from the amount sought in the amended motion for costs – $1,239.72. Doc. No. 106 at 3-4.

Plaintiff opposes Seminole's Motion for Relief, arguing that Seminole failed to explain why Marvin W. Hardy, lead trial counsel for Seminole, did not file the costs motion. Doc. No. 114. Plaintiff also argues that allowing the late motion would be prejudicial because he would now have to pay costs. *Id.*

The Court has not entered an order from which Seminole Club requires relief, so Seminole Club's motion for relief under Federal Rule of Civil Procedure 60(b) is unnecessary. *See* Fed. R. Civ. P. 60(b).[2] Nonetheless, under Federal Rule of Civil Procedure 6(b), the Court may extend the time for filing the motion for costs "where the failure to act was the result of excusable neglect . . ." Fed. R. Civ. P. 6(b). It is well-established that "[t]he fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2)." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981), *cert. denied*, 456 U.S. 979 (1982). Nonetheless, in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), a case cited by Plaintiff, the United States Supreme Court established a flexible analysis of "excusable neglect" in relation to Bankruptcy Rule which also requires a showing of "excusable neglect." The Supreme Court held that an attorney's inadvertent failure to file a proof of claim can constitute excusable neglect, and in interpreting the plain meaning of the phrase "excusable neglect," the Court concluded that "Congress plainly contemplated that the courts would be permitted, [when] appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388; *see also Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322 (11th Cir. 1996) (remanding the case to the

---

[2] Federal Rule of Civil Procedure 60(b) provides: "On motion and upon such terms are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . ." Fed. R. Civ. P. 60(b).

-4-

district court to apply the *Pioneer* standard to the "excusable neglect" requirement of Fed. R. App. P. 4(a)(4)).

In the instant case, the Court should exercise its discretion and allow the late filing of Seminole's costs motion. The attorney who was responsible for filing the motion was preparing for maternity leave, and the motion was filed only three days late.[3] *See LoSacco v. City of Middletown*, 71 F.3d 88 (2d Cir. 1995) (District court did not abuse its discretion in allowing defendants to file bill of costs out of time, on grounds of "excusable neglect," where defense counsel was on his honeymoon at time Court of Appeals issued mandate affirming judgment for defendants and bill of costs was only nine days late). Accordingly, the undersigned recommends that the "Motion for Relief Under Rule 60(b)" be granted as to the request to allow the tardy filing.

## III.   TAXATION OF COSTS

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54 (d)(1).[4] The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920,[5] but may not tax as costs any items not included

---

[3] The Court also notes that, pursuant to Federal Rules of Civil Procedure 5(b) and 6(e), three days are added to the prescribed period after electronic service. Counsel received electronic notice of the Clerk's entry of judgment, so Seminole could have reasonably believed that the costs motion was due three days after the expiration of the fourteen-day period for filing costs motions established in Local Rule 4.18.

[4] Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[5] Title 28 U.S.C. § 1920 provides:

in § 1920 absent express statutory authority to do so. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 441-42 (1987); *W. Va. Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 86 (1991); *Morrison v.*

*Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir.1996).

### A.    Taxable Costs

As discussed earlier, the affidavit of Seminole's counsel includes an itemized list of costs

totaling $1199.72. Doc. No. 112 at 4-6. A number of these costs are supported by invoices and

receipts and properly taxable pursuant to § 1920(1)-(4). Accordingly, Seminole's motion should be

granted as to the following requests: (1) $468.87 for the court reporter appearance fee and transcript

from Plaintiff's deposition (doc. no. 112 at 8-9), (2) $30 for the service of a subpoena *duces tecum* on

Marie Murphy at Fairwinds Credit Union for records of Plaintiff's (*id.* at 5, 11), (3) $30 for service of

a subpoena *duces tecum* on Shane Ryan at Dominos Pizza for Plaintiff's employment records (*id.* at

5-6, 10, 12), (4) $47 for service of a trial subpoena and witness fee[6] for David Cron who testified at

---

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

[6]    28 U.S.C. § 1821 lists the fees payable to a witness, and the extent to which those fees are included in awardable costs. *See also Crawford*, 482 U.S. at 437. Section 1821 provides, in relevant part:

A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

trial (*id.* at 6, 14-15), (5) $47 for service of a trial subpoena and witness fee for James Mckee who

testified at trial (*id.* at 6, 16-17), (6) $100 for the service of subpoenas for trial on Melissa Stieh (an

employee of a company that processed Seminole's payroll) who testified at trial and Compupay, Inc.

(another payroll company that serviced Seminole) (*id.* at 6, 19, 21), and (7) $130 for the witness fee

and mileage for Stieh (*id.* at 6, 20).   Counsel for Seminole avers that all of these costs were

"necessarily incurred in this case and the services for these fees or costs were actually and necessarily

performed." *Id.* at 4.  Seminole's motion should be granted as to these costs.

### B.    Unsupported Costs

Seminole also seeks a number of costs for which it did not provide sufficient explanation or

evidentiary support in compliance with Judge Spaulding's order that the reply brief "shall be supported

by receipts, invoices, or other evidence showing the costs actually paid . . ." *See* Doc. No. 109.

Seminole claims $30 for service of process on Linda Slough for records from the Timacuan Country

Club, $50 for copies of records from Fairwinds Credit Union, and $140 for the witness fee and mileage

of "Jason Erssoff, records custodian for Compupay,"[7] but Seminole did not submit invoices or receipts

in support of these costs. *See id.* at 5-7.

In addition, Seminole requests $226.85 for fees for the service of trial subpoenas on Melissa

Stieh, an employee of the payroll company, Paradigm International Enterprises, Inc. and on Compupay,

---

28 U.S.C. § 1821(b).  In addition, a witness is entitled to (1) the actual expenses of travel by common carrier at the most economical rate reasonable available, and (2) a subsistence allowance in an amount not to exceed the per diem allowance for federal employees when the witness is required to stay overnight.  28 U.S.C. §§ 1821(c)(1). (d)(1)-(2).

[7] In his affidavit, counsel claims $140 for "Jason Erssoff, records custodian for Compupay," but the attached return of service and check stub show that the $140 was for "Deanna Aviles as Records Custodian" for Compupay, Inc. *See* Doc. No. 112 at 6-7. 22-23.  Counsel submitted no documents related to "Jason Erssoff" and did not ask for costs related to "Deanna Aviles."

another payroll company. *Id.* at 6, 19, 21. Seminole paid $50 for the service of each subpoena on Stieh and Compupay, and this cost is properly taxable under § 1920, as listed above. Seminole, however, also claims a $30 rush fee and $50 "Additional Address Fee" for service on Stieh, as well as a $30 rush fee and $16.85 "Fed Ex Fee" for service on Compupay. *Id.* at 19, 21. Seminole did not explain why these costs were necessary or taxable under § 1920.

Accordingly, it is recommended that Seminole's motion be denied *with prejudice* as to its requests for: (1) $30 for service of process on Linda Slough, (2) $50 for copies of records from Fairwinds Credit Union, (3) $140 for the witness fee and mileage of Jason Erssoff, (4) $80 for the rush fee and "Additional Address Fee" for service on Stieh, and (5) $30 for the rush fee and $16.85 "Fed Ex Fee" for service on Compupay. The Court does not generally require that prevailing parties provide *extremely* detailed explanations or support for the costs claimed, and ordinarily might have recommend that Seminole's motion for these taxable costs be denied without prejudice. Seminole, however, has had three opportunities to explain and support its various requests for costs.[8] The matter is considered submitted.

## IV.   CONCLUSION

For the reasons stated above, it is

**RECOMMENDED** that Defendant's Motion for Relief (Doc. No. 111) be **GRANTED** to allow the late filing of the costs motion. It is

**FURTHER RECOMMENDED** that Seminole's Amended Motion to Tax Costs (Doc. No. 106) be **GRANTED** in part and **DENIED** in part. The Clerk should be directed to tax costs against

---

[8]As discussed above, Seminole filed an original motion for costs, an amended motion, and a reply brief.

Plaintiff in the amount of $852.87 as follows: (1) $254 as fees for service of summons and subpoena, (2) 468.87 as fees of the court reporter for a deposition transcript necessarily obtained for use in the case, (3) $130 as fees for witnesses.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June ᐯ7, 2007.

Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:
The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party
Courtroom Deputy